UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARLOS VIVAS and ISAAC HERNANDEZ SANCHEZ,   Civil Action No.

                             Plaintiffs,

  -against-

MORE CONSULTING CORP. and BRIAN J. MORRELL,

                             Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, CARLOS VIVAS and ISAAC HERNANDEZ SANCHEZ ("Plaintiffs"), as and for their Complaint against Defendants, MORE CONSULTING CORP. and BRIAN J. MORRELL ("Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 142, of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to their employment with Defendants.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Carlos Vivas ("Vivas"), is an adult male currently residing in the State of New York.

6. Plaintiff, Isaac Hernandez Sanchez ("Sanchez"), is an adult male currently residing in the State of New York.

7. Plaintiffs are former employees of Defendants.

8. Defendant, More Consulting Corp. ("More") is a domestic business corporation duly organized and existing under the laws of the State of New York.

9. More maintains a place of business located at 19 Old Dock Road, Yaphank, New York 11980.

10. Upon information and belief, at all relevant times, More maintained control, oversight, and direction over Plaintiffs, including timekeeping, payroll, and other employment practices applied to them.

11. Upon information and belief, Defendant, Brian J. Morrell ("Morrell"), is a resident of the State of New York.

12. Morrell is the Chief Executive Officer of More.

13. Upon information and belief, at all relevant times, Morrell was and continues to be an owner, corporate officer, director, and/or managing agent of More.

14. Upon information and belief, at all relevant times, Morrell exercised operational control over More, controlled significant business functions of More, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of More in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiffs.

15. Upon information and belief, at all relevant times, Morrell participated in running the daily operations of More and its roofing business.

16. Upon information and belief, at all relevant times, Morell participated in the management and supervision of Plaintiffs and their work for More.

17. As such, Defendants More and Morrell are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiffs.

## FACTS

18. Plaintiffs were employed as roofers for the benefit of and at the direction of Defendants.

19. Vivas was employed by Defendants from on or about June 2018 to on or about April 30, 2021.

20. Sanchez was employed by Defendants from on or about March 2014 to on or about April 30, 2021.

21. During their employment, Plaintiffs worked on numerous prevailing wage projects including, but not limited to, the following jobs: East Islip High School, Suffolk Country Correctional Facility, Ruth C. Kinney Elementary School, John F. Kennedy Elementary School, and Timber Point Elementary School.

22. During their employment, Plaintiffs were not required to punch in or out, sign in or out, log in or out, or otherwise record the time that they worked each day and each week.

23. During his employment, Vivas generally worked five (5) days a week, Monday through Friday. Vivas occasionally worked Saturdays depending on the project.

24. During his employment, Vivas worked from about 6:30 a.m. to about 5:30 p.m. each day.

25. During this time, Vivas generally took a one (1) hour lunch break.

26. During his employment, Vivas worked at least 50 hours each week.

27. During his employment, Defendants paid Vivas by the hour.

28. During his employment, Defendants only paid Vivas for about half the hours that he worked each week.

29. During his employment, Defendants failed to pay Vivas the proper prevailing wage rate for the prevailing wage projects that he worked on.

30. During his employment, Defendants failed to pay Vivas the proper supplemental benefits rate for any of the prevailing wage projects that he worked on.

31. During his employment, Defendants failed to pay Vivas time and one half his regular rate of pay when he worked more than 40 hours each week.

32. During his employment, Defendants failed to pay Vivas time and one half his prevailing rate of pay when he worked more than 40 hours a week on prevailing wage projects.

33. During his employment, Defendants failed to pay Vivas overtime compensation.

34. During his employment, Defendants failed to provide Vivas with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

35. During his employment, Defendants failed to provide Vivas with wage notices as required by NYLL section 195(1).

36. During his employment, Sanchez generally worked six (6) days a week, Monday through Saturday.

37. During his employment, Sanchez worked from about 6:30 a.m. to about 6:00 p.m. each day.

38. During this time, Sanchez generally took a one (1) hour lunch break.

39. During his employment, Sanchez worked at least 63 hours each week.

40. During his employment, Defendants paid Sanchez by the hour.

41. From most of his employment, Defendants only paid Sanchez for about half the hours that he worked each week.

42. During his employment, Defendants failed to pay Sanchez the proper prevailing wage rate for the prevailing wage projects that he worked on.

43. During his employment, Defendants failed to pay Sanchez the proper supplemental benefits rate for any of the prevailing wage projects that he worked on.

44. During his employment, Defendants failed to pay Sanchez time and one half his regular rate of pay when he worked more than 40 hours each week.

45. During his employment, Defendants failed to pay Sanchez time and one half his prevailing rate of pay when he worked more than 40 hours a week on prevailing wage projects.

46. During his employment, Defendants failed to pay Sanchez overtime compensation.

47. During his employment, Defendants failed to provide Sanchez with complete and accurate earnings statements, paystubs, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

48. During his employment, Defendants failed to provide Sanchez with wage notices as required by NYLL section 195(1).

49. Morrell participated in the decision to hire Plaintiffs.

50. Morrell participated in the decision to fire Plaintiffs.

51. Morrell participated in deciding the job duties that Plaintiffs performed on a daily basis.

52. Morrell participated in the daily supervision of Plaintiffs' job duties and responsibilities.

53. Morrell participated in setting Plaintiffs' work schedule.

54. Morrell participated in deciding the hours that Plaintiffs worked each week.

55. Morrell participated in deciding the manner in which each Plaintiff was paid.

56. Morrell participated in deciding the compensation each Plaintiff was paid.

57. Morrell participated in running the day-to-day operations of Defendant More during Plaintiffs' employment.

58. Defendants managed Plaintiffs' employment, including the amount of time worked and the rates that they were paid.

59. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

60. Defendants were aware of Plaintiffs' work hours and rates of pay but failed to pay them the proper wages to which they were entitled under the law.

61. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights, and Plaintiffs have been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

62. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

63. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

64. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant More is an enterprise engaged in commerce or in the production of goods for commerce.

65. At all times relevant to this Complaint, Defendant More had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiffs who worked as roofers and handled materials and equipment that originated outside of the State of New York.

66. Upon information and belief, the gross annual volume of sales made or business done by Defendant More for the years 2018, 2019, and 2020 was not less than $500,000.00.

67. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

68. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

69. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

70. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

71. However, none of the Section 13 exemptions apply to Plaintiffs because they did not meet the requirements for coverage under the exemptions during the relevant periods of their employment.

72. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

73. Defendants did not act in good faith with respect to the conduct alleged herein.

74. As a result of Defendants' violations of the FLSA, Plaintiffs incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

75. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

76. At all times relevant to this Action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

77. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

78. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

79. By the above-alleged conduct, Defendants failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

80. Plaintiffs were not exempt from the overtime provisions of the New York Labor Law during the relevant periods of their employment, because they did not meet the requirements for any of the reduced number of exemptions available under New York law.

81. Defendant acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

82. Defendants did not act in good faith with respect to the conduct alleged herein.

83. As a result of Defendants' violations of the NYLL, Plaintiffs incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

84. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment, including the date of their hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

86. Through their knowing and intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

87. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

88. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. Defendants willfully failed to provide Plaintiffs with complete, accurate, and written wage statements with their wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

90. Through their knowing and intentional failure to provide Plaintiffs with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

91. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6
## FAILURE TO PAY REGULAR WAGES

92. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

93. During Plaintiffs' employment, Defendants suffered and permitted Plaintiffs to work numerous hours each week without paying them the wages to which they were and are entitled.

94. Defendants' failure to pay Plaintiffs the wages that they earned constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

95. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown reckless disregard for the matter of whether their conduct violated the NYLL.

96. Defendants have not acted in good faith with respect to the conduct alleged herein.

97. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, CPLR interest, attorneys' fees, and costs of litigation.

## COUNT VI
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

98. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

99. At all relevant times to this action, Plaintiffs have been employees of Defendants, and Defendants have been the employer of Plaintiffs within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

100. At all relevant times, Plaintiffs have been covered by the NYLL.

101. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

102. As set forth herein, Defendants regularly and routinely failed to pay Plaintiffs any wages at all for numerous hours each week, in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

103. Defendants willfully failed to pay Plaintiffs any wages at all for numerous hours each week, in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

104. As a result of Defendants' unlawful practices, Plaintiffs have suffered a loss of wages.

105. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial and are entitled to recover from Defendants their unpaid minimum wages, as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### COUNT VII
### BREACH OF THE PUBLIC WORKS CONTRACTS

106. Plaintiffs reassert and reallege the allegations set forth in each of the above paragraphs as though fully set forth herein.

107. Upon information and belief, More entered into Public Works Contracts that contained schedules of the prevailing rates of wages and supplemental benefits to be paid to its roofers, including Plaintiffs.

108. Those prevailing rates of wages and supplemental benefits were made part of the More Public Works Contracts for the benefit of the Plaintiffs and other More employees working on prevailing wage projects.

109. At all times relevant to this action, Plaintiffs performed labor at the Public

Works Projects for the benefit of and at the direction of More.

110. More breached the Public Works Contracts by willfully failing to pay and ensure payment to Plaintiffs the prevailing rates of wages and supplemental benefits for all labor performed by Plaintiffs upon the Public Works Projects.

111. By reason of its breach of each Public Works Contract, More is liable to Plaintiffs in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants and in favor of Plaintiffs for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiffs overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiffs overtime compensation, regular wages, and minimum wages;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage notices;

4. Willfully violated the provisions of the NYLL by failing to provide Plaintiffs with wage statements;

5. Breached the public works contracts by failing to pay Plaintiffs the prevailing rates of wages and supplemental benefits.

B. Award compensatory damages, including all overtime compensation and minimum wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime compensation and minimum wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
September 8, 2021

Neil H. Greenberg, Esq.
Justin M. Reilly, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiffs*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
justin@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **More Consulting Corp y Brian J. Morell** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against **More Consulting Corp y Brian J. Morell** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:**     August 11, 2021

**Firma:**     *Carlos Vivas*
              Carlos A. Vivas

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra : **More Consulting Corp. Y Brian J. Morell** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b).

I, consent to be a party plaintiff in a lawsuit against : **More Consulting Corp. Y Brian J. Morell** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

**Fecha:** September 4, 2021

**Firma:** _____
Issac N. Hernandez Sanchez